UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WENTWORTH FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-116-JAR |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #7].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a pleading filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se pleading under § 1915(e)(2)(B), the Court must give the pleading the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Amended Complaint

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), seeks monetary, declaratory, and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff's allegations arise out of the medical treatment he received at SECC from approximately 2006 to the present. Named as defendants are George A. Lombardi (Director, Missouri Department of Corrections), Bill Stange (SECC Assistant Warden), Corizon Medical Services, Inc. ("Corizon"),[1] Missouri Delta Medical Center ("MDMC"), Michael Hakala (Medical Doctor, Corizon), Glenn Babitch (Medical Doctor, Corizon), Cleveland Rayford (Medical Doctor, Corizon), and Robin Fincher (Registered Nurse, Corizon). Plaintiff claims that defendants violated his constitutional rights, as more fully set forth below, and he is suing them in their "individual or corporate" capacities.

## Discussion

**A. Eighth Amendment Claims against Defendants Michael Hakala, Robin Fincher, and Corizon**

---

[1]Although the caption of the amended complaint names "Corizon Medical Service Staff" as a defendant, the allegations refer to Corizon Medical Services.

Plaintiff alleges that he is suffering from stage-3 chronic kidney disease ("CKD"). He alleges that Dr. Hakala "secretly diagnosed" a kidney condition several years ago, but concealed it from plaintiff in reckless disregard to plaintiff's health. Plaintiff further alleges that, despite his serious medical need to be referred to a nephrologist, Dr. Hakala intentionally and wantonly refused to make the referral, "because it is too expensive and Hakala chose to save money over protection of plaintiff's health." Plaintiff claims that as a result, he has suffered irreparable damage to his kidneys. In addition, plaintiff asserts that, in retaliation for lodging complaints with Missouri legislators and the Missouri Board of Registration for the Healing Arts, Dr. Hakala has deliberately refused to (1) refer him for a colonoscopy cancer screening procedure; and (2) provide plaintiff medical treatment for "a substantial size sports hernia protruding from [his] groin." Plaintiff states that the hernia is "excruciating and debilitating," and he needs corrective surgery. Plaintiff states that he needs a colonoscopy as soon as possible, because he is sixty years old, has a family history of colon cancer, and has had blood in his stool on several occasions. He states that he had a colonoscopy in 2009, at which time it was recommended that he return in two years for a second colonoscopy. Plaintiff claims that Dr. Hakala told him there is no money for a two-year follow-up cancer screening, and that he would perform "a digital-rectal examination to make a determination as to whether an inmate has

polyps or cancer in his colon." Plaintiff asserts that it is medically impossible to finger-examine the entire colon or detect a polyp inside the colon, and he states that it is medically necessary that he receive a follow-up colonoscopy, as many other inmates have received.

As to defendant Robin Fincher, plaintiff alleges that she knew about, but wantonly concealed, the deterioration of his kidney functions, as well as the onset of CKD. Plaintiff claims that Nurse Fincher's deliberate indifference to his serious medical needs was due to her desire "to save money for [Corizon]."

Plaintiff alleges that Corizon "has a pattern of denying medical treatment to inmates for their serious medical needs," as well as a practice of concealing diagnoses in order to save money and to appease its stockholders. Plaintiff also states that Corizon "has a written or unwritten policy, custom, practice and/or procedure of refusing to provide expensive medical treatment for chronic and terminal illnesses, and customarily allow[s] inmates to suffer, or die, to save money for [its] owners and stockholders." Plaintiff claims that Corizon is withholding necessary medical treatment from him, because he had previously lodged complaints with Missouri legislators and the Missouri Board of Registration for the Healing Arts.

Affording the complaint the benefit of a liberal construction and weighing all factual allegations in favor of plaintiff, the Court finds that plaintiff has sufficiently

alleged that he had objectively serious medical needs and that defendants Hakala and Fincher were made aware of these needs but deliberately disregarded them. In addition, plaintiff has sufficiently alleged facts indicating that Hakala and Fincher acted pursuant to an official Corizon policy, custom, and/or practice, which is responsible for plaintiff being denied constitutionally-adequate medical care. As such, plaintiff's Eighth Amendment medical indifference allegations state claims for relief under § 1983 and are sufficient to proceed as to defendants Michael Hakala and Robin Fincher in their individual capacities, as well as Corizon Medical Services, Inc. *See Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 531-32 (8th Cir. 2009)(en banc); *see also McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012)(medical personnel had constitutional obligation to address adequately any serious medical need of which they had been aware). The Court will order said defendants to reply to these claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

### B. Claims against Defendants Lombardi and Stange

Plaintiff alleges that in April 2012, he "apprised Mr. Stange of his CKD via interrogatory" in a case pending in the Cole County Circuit Court in which Stange is named as a defendant. Plaintiff complains that Stange claimed to have no knowledge of his CKD and "didn't investigate plaintiff's denial of medical treatment claim to

determine if it was true nor why, if true, CMS staff refused to provide medical treatment for the deadly disease." In addition, plaintiff claims that he notified defendant Lombardi "via grievance and interrogatories in [a] pending lawsuit of the refusal of [Corizon] to provide him any medical treatment whatsoever for his CKD, or refer him to a nephrologist for treatment."

The amended complaint will be dismissed against defendants Lombardi and Stange pursuant to § 1915(e)(2)(B), because plaintiff's allegations fail to state a claim or cause of action against them under § 1983 and are legally frivolous. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

### C. Claims against Defendant Babitch

With regard to defendant Dr. Glenn Babitch, plaintiff states: "Several years ago, approximately 2006, Dr. Glenn Babitch and or Michael Hakala diagnosed plaintiff with CKD, concealed it from plaintiff, did not provide any medical treatment whatsoever for it, nor referred plaintiff to a nephrologist." Plaintiff's vague and conclusory assertions as to defendant Babitch lack factual support and do not state a claim under § 1983. Thus, the Court will dismiss the amended complaint as to defendant Glenn Babitch pursuant to § 1915(e)(2)(B).

### D. Claims against Defendant Missouri Delta Medical Center

Plaintiff alleges that defendant MDMC "[w]as hired by MDOC or CMS to perform [an] ultra sound examination of plaintiff's kidneys regarding his chronic kidney disease." Plaintiff further alleges that "MDMC is an agent of the MDOC in that it acted with the government agency, or with the CMS, that was hired by the MDOC." Plaintiff complains that he cannot afford to pay the $22.53 cost for the ultra sound report and that MDMC has failed to provide him with a free copy of the results.

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff's conclusory allegations fail to establish that

MDMC was a state actor within the meaning of § 1983. Moreover, even if MDMC were a state actor, plaintiff's claim that he failed to receive free written ultra sound results simply does not rise to the level of a constitutional violation and fails to state a claim or cause of action under § 1983. For these reasons, the Court will dismiss plaintiff's claims against MDMC pursuant to § 1915(e)(2)(B).

### E. Claims against Dr. Cleveland Rayford

The complaint is legally frivolous as to defendant Cleveland Rayford, because plaintiff has failed to assert any allegations against him. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993)(to state a claim against private corporation acting under color of state law, plaintiff must allege existence of policy, custom, or official action that caused actionable injury).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue on the amended complaint as to defendants Michael Hakala and

Robin Fincher in their individual capacities, as well as defendant Corizon Medical Services, Inc.

**IT IS FURTHER ORDERED** that defendants Michael Hakala, Robin Fincher, and Corizon Medical Services, Inc., shall file an answer or other responsive pleading directed to plaintiff's amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendants George A. Lombardi, Bill Stange, Glenn Babitch, Cleveland Rayford, and Missouri Delta Medical Center, the Clerk shall not issue process or cause process to issue, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 28th Day of September, 2012.

John A. Ross
UNITED STATES DISTRICT JUDGE