**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM WENTWORTH FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-00116-JAR |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff's Motion to Compel Discovery. [ECF No. 32]

Defendants filed their response in opposition to Plaintiff's motion on May 6, 2013. (Doc. No. 35)

The Court is in receipt of Plaintiff's letter of May 7, 2013 (Doc. No. 36) inquiring about the

status of his Motion to Compel Discovery. [ECF No. 32] Because the time for filing a reply to

Defendants' response has passed, Plaintiff's motion is now fully briefed and ready for

disposition. For the following reasons, the motion will be denied.

**Background**

This is an action filed pursuant to 42 U.S.C. § 1983, wherein Plaintiff alleges Defendants

were deliberately indifferent to his serious medical needs in violation of the Fifth, Eighth and

Fourteenth Amendments to the United States Constitution. (Doc. No. 7) Specifically, Plaintiff

alleges Defendants concealed his diagnosis of chronic kidney disease, refused to refer him to a

nephrologist, denied him hernia surgery, and refused to provide him with a colonoscopy.

**Legal Standard**

The Federal Rules relating to discovery permit each party to serve the opposing party

with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." Id. R. 37(a)(3)(B).

**Discussion**

In his motion to compel, Plaintiff states that he served his First Interrogatories and Request for Production of Documents on Defendants by mail on January 30, 2013, and that on March 18, 2013, 46 days later, Defendants responded by refusing to answer his interrogatories or provide him with any documents. Plaintiff contends that Defendants' answers were not notarized as required by Rule 33[1] and, thus do not constitute an answer, and that their objections are untimely.

In response to Plaintiff's motion to compel, Defendants state they received Plaintiff's discovery requests on February 4, 2013. On March 4, 2013, Defendants requested an additional two weeks, up to and including March 18, 2013, in which to respond to discovery (Doc. No. 28), which request was granted on March 5, 2013. (Doc. No. 29) On March 18, 2013, Defendants submitted their answers and objections to Plaintiff's First Set of Interrogatories and objections to Plaintiff's First Request for Production of Documents. Plaintiff's argument that Defendants' responses are untimely is, therefore, without merit. Moreover, Defendants have submitted copies of their signature pages demonstrating that their signatures were in fact notarized. (Doc. No. 35, pp. 9-10)

---

[1]Rule 33(b)(5) provides that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections."

**Interrogatories directed to Defendant Hakala**

The Court has reviewed the interrogatories served on Defendant Hakala ("Hakala"). In response to interrogatories asking Hakala to explain his treatment decisions (Doc. No. 32, pp. 10-11, nos. 1-4), and without waiving his objections based on relevance, Hakala states that he examines and evaluates each patient individually and, based on his training, experience and professional judgment, prescribes appropriate treatment to address the specific needs of each patient. In addition, Hakala refers Plaintiff to his medical records produced to Plaintiff with Hakala's Rule 26(a) disclosures. The Court finds these responses sufficient and provide no basis for an order compelling Defendant to supplement his answer. An inmate does not have a right to a particular course of treatment nor does an inmate establish deliberate indifference by showing that another doctor might have ordered a different course of treatment than that actually taken. See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

In Interrogatory 5, Plaintiff asks whether foods high in phosphorous, calcium, potassium or protein are harmful to his daily diet. Hakala objects on the grounds of relevance and because the question assumes facts not in evidence. To establish deliberate indifference in the context of the denial of medical care, an inmate must demonstrate: (1) that he "suffered objectively serious medical needs" and (2) that the prison official "actually knew of but deliberately disregarded those needs." Id. Because the information Plaintiff seeks is not relevant or material to his claims, the Court will sustain Hakala's objections.

In Interrogatories 6 and 7, Plaintiff asks Hakala to explain what the hormone "Erythropoietin" is and whether, based on his records, Plaintiff's kidneys produce Erythropoietin. Plaintiff also asks Hakala to describe, *inter alia*, how Erythropoietin serves

kidney function. Again, Hakala objects on grounds of relevance and because the question assumes facts not in evidence. Without waiving his objections, Hakala responds that Plaintiff's medical tests and results can be found in his medical record which was produced with Defendants' Rule 26(a) disclosures. The Court finds these responses sufficient and provide no basis for an order compelling Hakala to supplement his answer.

With respect to interrogatories asking Hakala to describe his employment history, association with other hospitals, and status of his medical license, the Court finds Hakala has answered these interrogatories. (Doc. No. 32, pp. 13-14, Nos. 8-10, 13)

In Interrogatory 11, Plaintiff asks Defendant Hakala to describe the difference between a doctor of osteopathy and a medical doctor. Hakala objects on the grounds of relevance. Because the information Plaintiff seeks is not relevant or material to his claim of deliberate indifference, the Court will sustain Hakala's objections.

With respect to interrogatories asking Hakala to state the cost of various treatment options and referrals, Hakala objects on grounds of relevance and because the questions assume facts not in evidence. (Doc. No. 32, pp. 14-15, Nos. 14-16) Without waiving his objections, Hakala responds that he is unaware of the cost to CMS for outside referrals. The Court finds these responses sufficient and provide no basis for an order compelling Hakala to supplement his answer. Again, an inmate does not have a right to a particular course of treatment nor does an inmate establish deliberate indifference by showing that another doctor might have ordered a different course of treatment than that actually taken. Dulany, 132 F.3d at 1239.

**Interrogatories directed to Defendant Corizon Medical Services, Inc.**

The Court has reviewed the interrogatories served on Defendant Corizon Medical

Services, Inc. ("CMS") and finds that CMS has sufficiently answered interrogatories 1, 2, 13 and 14. With respect to interrogatories seeking medical information of other inmates, (Doc. No. 32, pp. 18-21, nos. 3, 4, 7, 8, 9, 11 and 12), CMS objects on the grounds of relevance and privilege and further responds that it cannot provide medical information of other inmates under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 (HIPAA). (Doc. No. 35, p. 4) To state a claim of deliberate indifference, Plaintiff must establish that he suffered from an objectively serious medical need, and the prison doctors knew of the need yet deliberately disregarded it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Because the information Plaintiff seeks is not relevant or material to his claims, the Court will sustain CMS' objections.

In Interrogatory 5, Plaintiff seeks the "total amount of profit that CMS earned at the end of [2012]." CMS objects on the grounds of relevance. Because this information is not relevant or material to his claims, the Court will sustain CMS' objection.

In Interrogatory No. 6, Plaintiff requests a copy of the contract between CMS and the State of Missouri. CMS objects because the contract is a public record and can be requested through the Missouri Office of Administration, http://oa.mo.gov. Because this information is not relevant or material to his claim of deliberate indifference, the Court will sustain CMS' objection.

In Interrogatory No. 10, Plaintiff asks for the names of those State Departments of Corrections outside Missouri where CMS currently provides medical services to inmates. CMS objects on the grounds of relevance. Again, to state a claim of deliberate indifference, Plaintiff must establish that he suffered from an objectively serious medical need, and the prison doctors

knew of the need yet deliberately disregarded it. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999). Because the information Plaintiff seeks is not relevant or material to his claims, the Court will sustain CMS' objection.

In further response to Plaintiff's motion to compel, Defendants state they have produced over 1,400 pages of medical records, medical services requests, grievances and related documents relevant to Plaintiff's claim of medical indifference. (Doc. No. 35, p. 1) The Court has reviewed the requests for production of documents directed to Defendant Hakala and makes the following rulings.

**Requests for production directed to Defendant Hakala**

**Request for Production Nos. 1, 2**: Plaintiff seeks a copy of Hakala's medical license for the State of Missouri. Hakala objects on the grounds of relevance. Moreover, in his response in opposition to Plaintiff's motion, Hakala states that he responded affirmatively to Plaintiff's Interrogatory No. 13 asking whether he was licensed to practice medicine and prescribe medication in the State of Missouri. (Doc. No. 35, p. 3) The Court will sustain Hakala's objection.

**Request for Production No. 3**: Plaintiff seeks the names and registration numbers of those Southeast Correction Center (SECC) inmates whom CMS has referred for hernia surgery. Without waiving his objection on the grounds of relevance, Hakala responds that he does not have access to the information sought. The Court concludes that Hakala has responded to this request.

**Request for Production Nos. 4-5**: Plaintiff seeks the names and registration numbers of those SECC inmates that Hakala referred to a nephrologist, and the names and registration numbers of all MDOC inmates that have been referred to the CMS Kidney Dialysis Center at the Moberly Training Center for Men, or to other kidney dialysis centers in the State of Missouri. Hakala objects on the grounds of relevance and physician/patient privilege. In his response in opposition to Plaintiff's motion, Hakala further states that he cannot provide medical information of other inmates under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Doc. No. 35, pp. 3-4) Upon consideration, the Court will sustain Hakala's objection.

The Court has reviewed the requests for production of documents directed to Defendant CMS and makes the following rulings.

**Requests for production directed to Defendant CMS**

**Request for Production Nos. 1, 3**: Plaintiff seeks information on other civil suits filed against CMS, including records related to settlement and judgments paid by CMS in those suits. CMS objects on the grounds of relevance and because these requests seek information that is publicly available through the Court's PACER system and other internet searches. (Doc. No. 35, p. 5) To state a claim for deliberate indifference, Plaintiff must establish that he suffered from an objectively serious medical need, and the prison doctors knew of the need yet deliberately disregarded it. Roberson, 198 F.3d at 647. Because this information is not relevant or material to Plaintiff's claims, the Court will sustain CMS' objections.

**Request for Production No. 2**: Plaintiff seeks a copy of the contract between CMS and the MDOC. CMS responds that copies of contracts between CMS and the MDOC can be requested from the Missouri Office of Administration, http://oa.mo.gov. Again, the Court finds this information is not relevant or material to his claim of deliberate indifference.

**Request for Production Nos. 4, 6**: Plaintiff seeks the names and prison registration number of all MDOC inmates who have been diagnosed with chronic kidney disease or referred to an off-site medical center for hernia surgery. CMS objects on the grounds of relevance. In its response in opposition to Plaintiff's motion, CMS further states it cannot provide medical information of other inmates under state and federal law, including the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Doc. No. 35, pp. 6) Upon consideration, the Court will sustain CMS' objections.

**Request for Production No. 5**: Plaintiff seeks CMS' written policy setting forth the conditions or medical circumstances under which MDOC chronic care inmates are entitled to medical treatment for chronic kidney disease. CMS responds that medical decisions are within the discretion of the treating physician who uses his or her training, experience and professional judgment to provide care to each individual patient based on that patient's specific medical needs. The Court finds this response sufficient and provides no basis for an order to compel.

**Request for Production No. 7**: Plaintiff seeks a copy of CMS' Articles of Incorporation. CMS objects on the grounds that this information is publicly available on the Missouri Secretary of State's website at http://www.sos.mo.gov./business/corporations/forms.asp. Because the information Plaintiff seeks is not relevant or material to his claims, the Court will sustain CMS' objections.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery [32] is

**DENIED**.

7

Dated this 22nd day of May, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE