UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM WENTWORTH FOSTER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:12-CV-00116-JAR |
| GEORGE LOMBARDI, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This is an action filed pursuant to 42 U.S.C. § 1983, wherein Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges Defendants concealed his diagnosis of chronic kidney disease, refused to refer him to a nephrologist, denied him hernia surgery, and refused to provide him with a colonoscopy.

This matter is before the Court on Plaintiff's Motion for Medical Examination. [ECF No. 45] Defendants filed their response in opposition to Plaintiff's motion on June 17, 2013. (Doc. No. 49) Because the time for filing a reply to Defendants' response has passed, Plaintiff's motion is now fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Discussion**

Fed.R.Civ.P. 35 provides, in relevant part:

The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

1

Fed.R.Civ.P. 35(a)(1). Plaintiff argues he requires an independent physical examination to disprove Defendants' claim that he does not suffer from chronic kidney disease and does not require hernia surgery or a colonoscopy.

Although a district court, pursuant to Rule 35, may, under appropriate circumstances, order a party to submit to a physical examination at the request of an opposing party, Rule 35 does not vest the court with authority to appoint an expert to examine a party on his own motion. Callegari v. Lee, 2011 WL 175927, at *7 (N.D. Cal. Jan. 19, 2011) (citing Smith v. Carroll, 602 F.Supp.2d 521, 526 (D.Del. 2009)). See also, Jenkins v. Doe, 2011 WL 121682, at *1 (D.Conn. 2011) (Rule 35 does not authorize a party to file a motion for his own physical examination.); Baker v. Hatch, 2010 WL 3212859 at *3 (E.D.Cal. Aug. 12, 2010) (finding no authority under Rule 35(a) to grant pro se prisoner plaintiff's request for medical examination); Adams v. Epps, 2008 WL 4861926 at *1 (S.D.Miss. Nov. 10, 2008) (same); Cabrera v. Williams, 2007 WL 2682163 at *2 (D.Neb. Sept.7, 2007) (same); Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (court denied plaintiff's request for his own physical examination, finding his primary purpose in seeking the exam was to obtain medical treatment and to complain of deliberate indifference to his medical needs.) Obtaining evidence to prove his case is Plaintiff's responsibility, not the government's. Flakes v. Frank, 2005 WL 1114529, at *1 (W.D. Wis. May 6, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Medical Examination [45] is **DENIED**.

Dated this 23rd day of July, 2013.

                                                                                                                  */s/ John A. Ross*
                                                                                                                  JOHN A. ROSS
                                                                                                                  UNITED STATES DISTRICT JUDGE