UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM WENTWORTH FOSTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:12-CV-00116-JAR |
|  | ) |  |
| GEORGE LOMBARDI, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's pro se Requests for Leave to File Supplemental Complaint (Doc. No. 63) and Conduct Discovery on First and Second Supplemental Complaints. (Doc. No. 64) In support of his request for leave to file a second supplemental complaint, Plaintiff states that he wishes "to raise new actions by original and newly named defendants." He seeks leave to pursue discovery "to acquire documentation and evidence to substantiate claims set forth in his First and Second Supplemental [sic] Complaint," and specifically, documentation of Mr. Lombardi's communications with Congressman William Lacy Clay and members of the Missouri Legislature, to establish that Lombardi had knowledge of Plaintiff's serious medical needs and was deliberately indifferent to those needs. Defendants oppose Plaintiff's requests. (Doc. Nos. 65, 66)

The Court has carefully reviewed Plaintiff's proposed Second Supplemental Complaint (Doc. No. 63-1) and finds the claims he is asserting have already been raised in his First Supplemental Complaint. (Doc. No. 30) Therefore, the Court will deny his request to file a second supplemental complaint.

With respect to Plaintiff's request to conduct discovery, the Court notes that Missouri Department of Corrections Director George Lombardi was dismissed as a party to this action on September 28, 2012, pursuant to this Court's § 1915(e)(2)(B) review. (Doc. No. 13) Thus, the information Plaintiff seeks is neither relevant or material to his claims against Defendants Corizon, Inc., Hakala and Fincher, nor reasonably calculated to lead to the discovery of admissible evidence under Fed.R.Civ.P. 26(b)(1). Moreover, Defendants state that the correspondence to Lombardi was in fact produced to Plaintiff on December 31, 2012, as part of their Rule 26(a) disclosures. (Doc. No. 63-2)

Because Plaintiff has not demonstrated an exceptional circumstance that warrants a modification of the Court's scheduling order setting a March 4, 2013 deadline for completion of discovery in this case, his request for leave to conduct additional discovery will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Leave to File Supplemental Complaint [63] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave to Conduct Discovery on First and Second Supplemental Complaints [64] is **DENIED**.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated the 19th day of November, 2013.